IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Progressive Northern Insurance Co. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **C.A. No.:** 5:26-cv-761-JDA |
| | ) | |
| Jaden Shuler | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Progressive Northern Insurance Co., by and through its undersigned attorneys, complaining of the Defendant herein, seeks a declaratory judgment from this Honorable Court as set forth below.

## PARTIES AND JURISDICTION

1. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

2. Progressive Northern Insurance Co. ("Progressive") is a corporation organized under the laws of the State of Wisconsin with its principal place of business in the State of Ohio.

3. Defendant Jaden Shuler ("Shuler") is a citizen and resident of the State of South Carolina.

1

5776846.1

4. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs. As further evidence of the amount of controversy being met, Shuler has issued a demand for Progressive to pay $675,000.00 in alleged Underinsured Motorist benefits under the at-issue Progressive policy, Policy No. 992498491-000 issued to Kelvin's Auto and Tire, LLC ("Kelvin's") with effective dates of January 31, 2025, through January 31, 2026 and affording Part I – Liability to Others and Underinsured Motorist ("UIM") limits of $25,000 bodily injury each person, $50,000 bodily injury each accident, and $25,000 property damage each accident (the "Progressive Policy") A true and accurate copy of the Progressive Policy with premiums redacted is attached hereto as **Exhibit A**, the terms of which are incorporated herein by reference.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because the Accident giving rise to this action occurred in Orangeburg County, South Carolina. Venue is further proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because Shuler is a citizen and resident of Orangeburg County, South Carolina.

6. Venue is proper in this Division pursuant to Local Civ. Rule 3.01(A)(1) (D.S.C.), because a substantial part of the events or omissions giving rise to the claim occurred within this Division insofar as the Accident giving rise to this action occurred in Orangeburg County, South Carolina, and further, Shuler is a citizen and resident of Orangeburg County, South Carolina, which is located within this Division.

## FACTUAL BACKGROUND

### The Accident

7. At the time of the Accident, Shuler was a common law or statutory employee of Kelvin's and worked as a tire technician and tow truck operator.

8. As part of his employment with Kelvin's, Shuler would operate Kelvins' 2018 Freightliner tow truck (VIN 1FVACXFE9JHJS8171) (the "Subject Truck") to pick up and tow wrecked or damaged vehicles for Kelvins' customers.

9. As part of Kelvin's business, Kelvin's would tow wrecked or damaged vehicles back to Kelvin's tow yard, where a Kelvin's employee would repair the vehicles.

10. On April 11, 2025, Kelvin's was called by a customer to pick up a damaged vehicle that was disabled on the side of the road in Orangeburg, South Carolina due to a damaged driveshaft.

11. Shuler was sent by Kelvin's to pick up the damaged vehicle and return it to the Kelvin's tow yard so that it could be repaired.

12. Shuler picked up the damaged vehicle, hooked it onto the Subject Truck, and began towing it back to Kelvin's for the repair.

13. On the way back to Kelvin's, with the damaged vehicle in tow, Shuler was involved in a motor vehicle accident with a 2025 Nissan vehicle being operated by Jomaris Pierre ("Pierre") (the "Accident").

### The Progressive Policy

14. Kelvin's specifically selected with respect to the Progressive Policy Part I – Liability to Others and Underinsured Motorist ("UIM") limits of $25,000 bodily injury each person, $50,000 bodily injury each accident, and $25,000 property damage each accident.

15. Kelvin's maintains that Part I – Liability to Others and Underinsured Motorist ("UIM") limits of $25,000 bodily injury each person, $50,000 bodily injury each accident, and $25,000 property damage each accident were consistent with its requested limits under the Progressive Policy at the time of the Accident.

16. Kelvin's has not sought reformation of the Progressive Policy to increase the available limits beyond the stated limits of $25,000 bodily injury each person, $50,000 bodily injury each accident, and $25,000 property damage each accident for either Part I – Liability to Others or Underinsured Motorist ("UIM") coverage with respect to the Accident.

UIM Demand

17. On or around May of 2025, Shuler reached a settlement with Pierre's liability insurer in exchange for the full, available liability limits under the Pierre policy.

18. On October 28, 2025, Shuler made Underinsured Motorist ("UIM") claim against the Progressive Policy, after which Progressive offered to tender its full UIM limits of $25,000 bodily injury each person.

19. On November 11, 2025, Shuler, care of his counsel, sent an email to Progressive stating that the Subject Truck required minimum insurance coverage of $750,000.00 and demanding $675,000.00 under Progressive's UIM Endorsement (the "UIM Demand"). The UIM Demand is attached hereto as **Exhibit B.**

20. The UIM Demand's statement that the Subject Truck required $750,000 in insurance coverage is a misstatement of South Carolina law.

21. The UIM Demand's citation to "South Carolina Code Section 56-38-10" is further a misstatement of law insofar as there does not appear to be a South Carolina Code Section matching that citation.

Relevant Law and Additional Facts

22. The federal Motor Carrier Act of 1980 provides heightened insurance requirements, but only for interstate motor carriers.

23. At the time of the Accident, Kelvin's was not registered as or operating as an interstate motor carrier.

24. Alternatively, assuming *arguendo* Kevin's was an interstate motor carrier, at the time of the Accident, Progressive did not have actual or constructive notice that Kelvin's operated as an interstate motor carrier during the life of the Progressive Policy, and that he never informed Progressive that he needed or desired higher Part I – Liability to Others or UIM limits beyond the stated limits of $25,000 bodily injury each person, $50,000 bodily injury each accident, and $25,000 property damage each accident for either Part I – Liability to Others or Underinsured Motorist ("UIM") coverage contained on the Progressive Policy.

25. South Carolina also has specific requirements, including specific insurance requirements, for intrastate motor carriers, which are laid out in S.C. Code § 58-23-510 *et seq.* and its associated regulations, S.C. Code Regs. §§ 38-441,38-414,103-172.

26. The South Carolina intrastate motor carrier requirements, including the heightened insurance requirements, are inapplicable to "a vehicle engaged in hauling, towing, or transporting wrecked or damaged vehicles" pursuant to S.C. Code § 58-23-50(8).

27. The Subject Truck is generally "a vehicle engaged in hauling, towing, or transporting wrecked or damaged vehicles" and was specifically engaged in hauling, towing, or transporting a damaged vehicle at the time of the Accident.

28. South Carolina does not have specific insurance requirements beyond the minimum insurance required for passenger automobiles pursuant to S.C. Code § 38-77-140, or $25,000

bodily injury per person per accident, $50,000 bodily injury per accident, and $25,000 property damage per accident, for "a vehicle engaged in hauling, towing, or transporting wrecked or damaged vehicles", such as the Subject Truck.

29. Progressive and Shuler have an actual, present, adverse, and antagonistic interest in the subject matter described hereinabove.

30. All proper and present antagonistic interests or all parties having any interest in the outcome and adjudication of the present controversy are before the Court by proper process.

31. Progressive is in doubt with respect to its rights under the Progressive Policy and, by this Complaint, seeks a declaration of its rights and obligations under the Progressive Policy with respect to the Accident and the claims alleged in the UIM Demand.

32. Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure, Rule 57, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to give such relief as it deems necessary under the facts and circumstances presently existing.

**FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment as to the Progressive Policy)**

33. Progressive restates the foregoing allegations of the Complaint not inconsistent herewith and incorporates the same herein by reference.

34. Kelvin's was not registered as or operating as an interstate motor carrier subject to the heightened insurance requirements of the federal Motor Carrier Act of 1980 at the time of the Accident.

35. Alternatively, assuming *arguendo* Kelvon's was registered as or operating as an interstate motor carrier subject to the heightened insurance requirements of the federal Motor Carrier Act of 1980, Progressive was not on actual or constructive notice of the same during any time relevant to the Progressive Policy and the Accident.

36. If Kelvin's qualifies as an intrastate motor carrier under South Carolina law, $25,000 bodily injury each person, $50,000 bodily injury each accident, and $25,000 property damage each accident is the appropriate minimum amount of insurance for the Subject Truck because the Subject Truck is a "vehicle engaged in hauling, towing, or transporting wrecked or damaged vehicles."

37. The applicable limits of liability under the UIM Endorsement to the Progressive Policy in connection with the Accident and the claims alleged by Shuler is $25,000 bodily injury each person.

38. Even assuming *arguendo* the liability limits for Kelvin's and/or the Subject Truck were not appropriate at the time of the Accident, which is denied for the reasons alleged above, reformation of the Progressive Policy to afford first-party UIM coverage in excess of $25,000 bodily injury each person, $50,000 bodily injury each accident, and $25,000 property damage each accident specifically selected by Kelvin's with respect to the Progressive is unwarranted under applicable South Carolina law and general equitable principles.

39. For each of the foregoing reasons, Progressive is entitled to an Order holding:

   i. The stated limits of the Progressive Policy for Part I – Liability to Others and Underinsured Motorist ("UIM") limits of $25,000 bodily injury each person, $50,000 bodily injury each accident, and $25,000 property damage each accident are appropriate for the Subject Truck and Kelvin's with respect to the Accident;

   ii. Even assuming *arguendo* the stated limits of the Progressive Policy for Part I – Liability to Others and Underinsured Motorist ("UIM") limits of $25,000 bodily injury each person, $50,000 bodily injury each accident, and $25,000

    property damage each accident are not, appropriate for the Subject Truck and Kelvin's with respect to the Accident reformation of the Progressive Policy to afford higher UIM limits with respect to the Accident and/or the UIM Demand is not warranted under applicable South Carolina authorities or general equitable principles; and

  iii. The applicable UIM benefits available to Shuler under the Progressive Policy in relation to the Accident and the UIM Demand is $25,000 bodily injury per person per accident.

WHEREFORE, Progressive Northern Insurance Company prays that the Court enter judgment in its favor as set forth hereinabove and for such other and further relief as is just and proper.

Respectfully submitted this 23rd day of February 2026.

        *s/Robert "Rocky" C. Rogers*
        Robert "Rocky" C. Rogers (Fed Bar #11655)
        Christopher R. Wray (Fed Bar No. #13878)
        Moseley Marcinak Law Group LLP
        4324 Wade Hampton Blvd., Suite B
        Taylors, SC 29687
        PO Box 26148
        Greenville, South Carolina 29616
        (864) 248-6029 (864) 248-6035 (Fax)
        Rocky.Rogers@momarlaw.com
        Chris.Wray@momarlaw.com
        *Attorneys for Plaintiff,*
        *Progressive Northern Insurance Co.*

5776846.1